UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAITH BAPTIST CHURCH, *et al.*,

        Plaintiffs,

Case No. 08-11028

Honorable John Corbett O'Meara

v.

WATERFORD TOWNSHIP, *et al.*,

        Defendants.

                                         /

**ORDER DENYING DEFENDANTS'**
**MOTION FOR RECONSIDERATION**

Before the court is Defendant's motion for reconsideration of this court's October 1, 2009 order disqualifying Defendant's counsel. This court previously explained some of its reasoning for disqualifying Defendant's counsel on the record at a hearing on October 1, 2009. In light of Defendant's motion for reconsideration, the court sets forth a more detailed explanation below.

**BACKGROUND FACTS**

This case involves § 1983 claims brought by Plaintiffs against Waterford Township and the defendant police officers. This suit was filed on March 19, 2008. The primary attorney for the Plaintiffs was Brandon Bolling of the Thomas More Law Center. In the midst of this litigation, in April 2009, Bolling was offered a job by Defendants' law firm, Cummings, McClorey, Davis & Acho ("CMDA"). Bolling submitted a motion to withdraw as counsel for Plaintiffs on May 21, 2009. In the motion Bolling stated that he was no longer employed by the Thomas More Law Center; he did not, however, inform the court of his new employer, CMDA. The motion was not opposed and the court granted it on May 27, 2009. Bolling sent the court a letter on August 28, 2009

(after hearing of Plaintiffs' intent to file this motion), as a "belt and suspenders" measure to assert that he had fulfilled his ethical obligations.

Bolling and CMDA asserted that appropriate screening mechanisms (*i.e.* a "Chinese wall") were put in place as soon as he began his new position. Plaintiffs contended that Bolling and CMDA have not fully complied with the applicable rules of professional conduct and that, therefore, CMDA should be disqualified from representing Defendants in this action. The court agreed with Plaintiffs' position and granted Plaintiffs' motion from the bench. Defendants seek reconsideration of that decision.

## LAW AND ANALYSIS

Having represented Plaintiffs in this matter, Bolling obviously may not represent Defendants. See MRPC 1.9. The issue here is whether CMDA must be disqualified as a result of Bolling's conflict. When a lawyer changes firms, the potential disqualification of the new firm is governed by MRPC 1.10(b). See MRPC 1.10(a). Michigan Rule of Professional Conduct 1.10(b) (imputed disqualification) provides as follows:

> (b) When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same . . . matter in which that lawyer, or a firm with which the lawyer was associated, is disqualified under Rule 1.9(b), unless:
> (1) the disqualified lawyer is screened from participation in the matter and is apportioned no part of the fee therefrom; _and_
> (2) _written notice is promptly given to the appropriate tribunal to enable it to ascertain compliance with the provisions of this rule._

MRPC 1.10(b) (emphasis added).

It appears in this case that MRPC 1.10(b)(1) is satisfied. CMDA represents in affidavits from partner Timothy Young and Brian Bolling that Bolling has been screened from participation in this litigation since his employment with CMDA began. He is paid a fixed salary as an associate and

will not be apportioned any part of the fee from this matter.

The problem is, however, that neither Bolling nor anyone else at CMDA provided prompt written notice to the court that he was joining CMDA. Bolling contends that he informed Magistrate Judge Morgan that he would be joining CMDA at a motion hearing on May 20, 2009, shortly before he left the Thomas More Law Center. Although he informed Judge Morgan that he was joining CMDA, he did not do so in writing, as required by the rule. See Cobb Publishing, Inc. v. Hearst Corp., 907 F. Supp. 1038, 1049 (E.D. Mich. 1995) (Borman, J.); National Union Fire Ins. Co. v. Alticor, Inc., 472 F.3d 436, 439 (6th Cir. 2007) (failure to notify tribunal in writing required firm's disqualification). Further, Bolling did not inform Judge Morgan of his new employment in a manner that would have allowed her "to ascertain compliance with the provisions of this rule." MRPC 1.10(b)(2).

The purpose of requiring prompt, written notice to the court is so the court can ensure that appropriate screening mechanisms are in place. See Cobb, 907 F. Supp. at 1048 (finding that written notice two weeks after the "infected" attorney joined the firm was not sufficiently "prompt" under the rule). There is no evidence that Judge Morgan attempted to ensure compliance with MRPC 1.10(b) or that she was aware of the rule's requirements; that was not the purpose of the hearing.

The rule is clear; prompt (essentially immediate) written notice to the court is required. Providing oral notice to Judge Morgan off the record does not satisfy the rule. Accordingly, the court must disqualify CMDA from representing Defendants in this case. Defendants' motion for reconsideration does not provide a basis for the court to change its decision.

Accordingly, IT IS HEREBY ORDERED that Defendants' October 15, 2009 motion for reconsideration is DENIED. Defendants have thirty days from the date of this order to obtain new

counsel.

>   s/John Corbett O'Meara
>   United States District Judge

Date: November 6, 2009

 

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 6, 2009, using the ECF system and/or ordinary mail.

>   s/William Barkholz
>   Case Manager