UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAITH BAPTIST CHURCH, *et al.*,

    Plaintiffs,

                                                            Case No. 08-11028

v.

WATERFORD TOWNSHIP, *et al.*,            Hon. John Corbett O'Meara

    Defendants.
_____/

## **OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendants' motion for summary judgment. The court heard oral argument on February 25, 2010, and took the matter under advisement. For the reasons discussed below, Defendants' motion is granted.

## **BACKGROUND FACTS**

This action arises from Waterford Township's investigation of a citizen's noise complaints against Faith Baptist Church ("FBC"). FBC is a non-denominational Christian congregation located in Waterford, Michigan. FBC holds Sunday services and Wednesday night youth services, both of which involve singing and playing contemporary religious music.

Timothy Carlson, who lives across the street from the church, has repeatedly complained about the volume of the music coming from the church during rehearsals, services, and concerts. According to Carlson, he could hear the music inside his home, sometimes until 10 or 11 p.m. See Def.'s Ex. 2. Carlson attempted to resolve the issue with the church, to no avail. Id. Carlson submitted a written complaint to the Waterford Police Department on September 11, 2007, regarding what he believed to be the excessively loud music.

On September 26, 2007, Waterford police were dispatched to Carlson's home. He complained that he had an ongoing problem with loud music coming from the church, although it had stopped prior to the officer's arrival. Def.'s Ex. 3. The police apparently did not follow up with Carlson's complaint at this time.

On Sunday, October 7, 2007, Waterford police were again dispatched to Carlson's home on a loud music complaint involving FBC. One of the responding officers, Officer Post, was able to hear music coming from the church while inside Carlson's house. Def.'s Ex. 4. The officers went to the church and observed the band practicing for that evening's services. Id. They spoke with Pastor Kerr about the noise complaint and took his name and driver's license number. The police then left the premises; the band continued to practice, no one was issued a ticket or was arrested, and services were held that evening as planned.

Waterford police were called again to FBC on a noise complaint on October 10, 2007. The officers first went to Carlson's house, then to the church, where they were met by the township prosecutor, Walter Bedell. The officers did not hear loud music when they arrived, but Bedell "advised that he had been there for a few minutes and that the music was excessive." Def.'s Ex. 6. The police report states that Bedell requested that the officers enter the church and identify the band members. According to the report, "[p]rior to leaving the church Mr. Bedell advised Jason Combs (youth Pastor) that he would be obtaining misdemeanor warrants for the band members." Id.

The next day, Bedell spoke with Pastor James Woody about the noise complaint. Woody contends that Bedell characterized the music played in the church as "rock music" and that tickets would issue until it stopped. Pl.'s Ex. B. Although Plaintiffs contend that Bedell told

Woody that the church should not be playing rock music, Plaintiffs have not cited any evidence in the record to support this.

On October 15, 2007, Bedell sent letters to three of the FBC band members notifying them that the prosecutor's office received a complaint against them. Def.'s Ex. 10. The letter stated: "In order to fully investigate these allegations, it will be necessary for you to call the office located in the 51st District Court . . . to make an appointment to come in an discuss this matter with a prosecutor. Your failure to comply with the request within ten (10) days upon receipt of this letter could result in a warrant being issued herein." Id. These band members obtained counsel and refused to be interviewed. Bedell took no further action.

On October 28, 2007, Waterford officers were again dispatched to Carlson's home as a result of a noise complaint. When the officers arrived, the music coming from the church had already stopped. Def.'s Ex. 11. The officers went to the church, identified the band members, then left. An unidentified church member videotaped the police visit, which lasted about ten minutes. See Def.'s Ex. 15 (transcript). A person on the videotape asked the police several times if they were going to order the band to stop playing music; the officer said no. He also asked if he was going to get a ticket; the officer said no. Once the officer obtained identification from the band members, he told them they could go because "I don't want to keep you from your service." Id. No legal action was taken against the band members.

After the third visit to the church by Waterford officers, the record does not disclose any further police activity in this regard. The matter was not resolved, however. Carlson filed a civil suit against FBC in state court, in February 2008. Shortly thereafter, in March 2008, FBC filed suit against Waterford Township and other defendants, alleging constitutional violations. The

-3-

court has already dismissed several claims; the remaining claims are: Count I, First Amendment/Free Exercise; Count II, First Amendment/Freedom of Speech; Count III, First Amendment/Freedom of Association; and Count V, Fourth Amendment/Unlawful Search and Seizure. The only remaining plaintiffs are FBC and Pastor James Combs.

## LAW AND ANALYSIS

### I. Standard of Review

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party opposing summary judgment, however, must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### II. Standing on First Amendment Claims

In their reply brief, Defendants essentially argue that Plaintiffs lack standing to bring their First Amendment claims. See Def.'s Reply at 1-2. Although this issue was not fully addressed by the parties, the court is obligated to consider it even when the parties fail to raise it. See United States v. Hays, 515 U.S. 737, 742 (1995). "The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.' " Id. (citation omitted).

"That a litigant must establish standing is a fundamental element in determining federal jurisdiction over a 'case' or 'controversy' as set forth in Article III of the Constitution." Morrison v. Board of Ed. of Boyd County, 521 F.3d 602, 608 (6th Cir. 2008). "By now, it is axiomatic that a litigant demonstrates Article III standing by tracing a concrete and particularized injury to the defendant – whether actual or imminent – and establishing that a favorable judgment would provide redress." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

With respect to their First Amendment claims, Plaintiffs have not articulated any concrete or particularized injury. FBC continues to hold services with the music of its choosing. There is no allegation that the nature of FBC's religious services changed in any way in response to the investigation of the noise complaints. There is no specific allegation that any right to free association has been impinged or that any church members were deterred from worshiping. Cf. Presbyterian Church v. U.S., 870 F.2d 518, (9th Cir. 1989) (standing shown where church alleged decreased in participation in worship, cancelled a Bible study class, and reluctance of members to seek counseling). There is no allegation that FBC was ordered to stop their music or that anyone was ticketed, charged, or fined. In fact, Waterford's disturbing the peace ordinance, which they challenge as vague and overbroad, was not enforced against them. Further, the evidence suggests that Waterford does not have a present intention to enforce the ordinance against them. See Pl.'s Ex. C (email regarding police refusal to go to Carlson's house regarding noise complaint in March 2008).

Although the complaint alleges that the actions of the prosecutor and police have caused a "chilling effect" – such bare allegations are insufficient to confer standing. "With respect to

the standing of First Amendment litigants, the Supreme Court is emphatic: 'Allegations of a subjective "chill" are not an adequate substitute for a claim of *specific present objective harm or a threat of specific future harm.*'" Morrison, 521 F.3d at 608 (citing Laird v. Tatum, 408 U.S. 1, 13-14 (1972) (emphasis added)). See also Fieger v. Michigan Supreme Court, 553 F.3d 955, 962 ("In the context of a declaratory judgment action, allegations of past injury alone are not sufficient to confer standing. The plaintiff must allege and/or demonstrate *actual present harm or a significant possibility of future harm.*") (emphasis added). Here, there is no actual present harm or threat of future harm to Plaintiffs' First Amendment rights of free speech, free association, or free exercise of religion. Accordingly, the court will dismiss Plaintiffs' First Amendment claims (Counts I, II, and III) for lack of standing.

### III.     Fourth Amendment Claim

Plaintiffs allege that the Waterford police violated the Fourth Amendment by entering the church and "detaining" band members. However, the band members were not "detained" here. Officers took their names and asked to see their identification. As the court noted in a previous opinion, this does not, in itself, violate Fourth Amendment search and seizure law. I.N.S. v. Delgado, 466 U.S. 210, 216 (1984) ("Unless the circumstances of the encounter are so intimidating as to demonstrate that a reasonable person would have believed he was not free to leave if he had not responded, one cannot say that the questioning resulted in a detention under the Fourth Amendment.") See also Hibbel v. Sixth Judicial District Court, 542 U.S. 177, 185 (2004) ("In the ordinary course a police officer is free to ask a person for identification without implicating the Fourth Amendment.").

The only remaining issue is whether Waterford police violated the Fourth Amendment by

entering the church lobby and auditorium to investigate the noise complaint. It is clear that a church and its members do not have a reasonable expectation of privacy during worship services open to the public. Presbyterian Church, 870 F.2d at 527. Plaintiffs contend that the police did not appear during services, but during band rehearsals. "A useful test of whether a person has a privacy interest in a certain place is whether there are any 'objective manifestations of any claimed privacy expectation.' The objective manifestations of a privacy expectation must be *in* some place and an expectation to be free *from* a certain kind of intrusion." Dow Chemical v. U.S., 749 F.2d 307, 312 (6th Cir. 1984). There is no evidence that the church had a different, objective, expectation of privacy during band rehearsals as opposed to worship services. The doors of the church are unlocked all day and are not monitored. When the police entered, they were greeted and not told to leave. There is no indication that the church was attempting to keep anyone out during daytime hours. Accordingly, the court finds that Plaintiffs had no reasonable expectation of privacy in the church lobby or auditorium, that a search did not occur, and that the Fourth Amendment was not violated. The court will dismiss Count V.

## ORDER

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is GRANTED and that Plaintiffs' complaint is DISMISSED.

s/John Corbett O'Meara
United States District Judge

Date: March 2, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 2, 2010, using the ECF system and/or ordinary mail.

                s/William Barkholz
                Case Manager